IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-CR-70

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ARTHUR SHANE DOUVILLE | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion to Reopen Detention Hearing ("Motion to Reopen"). Doc. 303.

I. **Relevant Procedural History**

In a Bill of Indictment filed on August 3, 2021, Defendant Arthur Shane Douville ("Defendant") was charged with one count of engaging in a conspiracy to possess with the intent to distribute methamphetamine and one count of possessing with the intent to distribute a quantity of methamphetamine. Doc. 3.

On August 16, 2021, Defendant made an initial appearance at which time the Government moved for detention and for a continuance of the detention hearing.

On August 18, 2021, Defendant waived his right to an immediate detention hearing, his request for a continuance was granted, and a hearing on the Government's motion for detention was continued indefinitely for cause.

On August 23, 2021, Defendant filed a "Motion for a Detention Hearing

1

and for Pretrial Release" (Doc. 158). To the extent it sought a detention hearing, the motion was allowed.

On August 27, 2021, a detention hearing was held. At the conclusion of the hearing, the undersigned ordered that Defendant be detained. Doc. 188.

On November 17, 2021, Defendant filed the instant Motion to Reopen by which he requests that his detention hearing be reopened. The Government responded in opposition on December 6, 2021. Doc. 309.

## II. Legal Standard

In order for a detention hearing to be reopened, the court must find "that information exists that was not known to the movant" at the time of the detention hearing and that the information "has a material bearing" on the issue of whether there are conditions of release that will reasonably assure the defendant's appearance as required and the safety of any other person and the community. 18 U.S.C. § 3142(f)(2)(B).

As one court explained recently, the second condition requires more than the production of evidence that simply relates in some way to the detention decision; it requires a defendant to present "evidence that, if true, affects the outcome of the Court's pre-trial detention inquiry under the Bail Reform Act." United States v. Chansley, No. 21-CR-3 (RCL), 2021 WL 2809436, at *3 (D.D.C. July 6, 2021).

Even where these conditions have been satisfied, the court retains the discretion to determine whether to reopen the hearing. United States v. Rivers, No. 19-20492, 2021 WL 5234516, at *1 (E.D. Mich. Nov. 10, 2021) (where the two conditions are met "[a] district court has discretion—but is not required— to reopen a detention hearing") (citing 18 U.S.C. § 3142(f)(2)(B) and United States v. Watson, 475 F. App'x 598, 600 (6th Cir. 2012)).

### III. Discussion

#### A. The Detention Hearing

In this case, the evidence at the detention hearing included the Pretrial Services Report (Doc. 73), the testimony of Brian Leopard, who is a member of the Swain County Sheriff's Department and a full-time task force officer with the DEA, as well as the testimony of Defendant's mother and Defendant's aunt.

Because there was probable cause to believe that Defendant had committed an offense for which a maximum term of imprisonment of 10 years or more was prescribed in the Controlled Substances Act, a rebuttable presumption existed that no condition or combination of conditions would reasonably assure the appearance of Defendant as required and the safety of the community. The undersigned found that Defendant had not introduced sufficient evidence to rebut the presumption as to the risk of danger, and that the Government had shown by clear and convincing evidence that no condition

3

or combination of conditions of release would reasonably assure the safety of any other person or the community.

The Court's detention order referenced the following reasons: that Defendant is subject to a lengthy period of incarceration if he is convicted; his prior criminal history; his participation in criminal activity while on probation, parole, or supervision; a history of alcohol or substance abuse; and prior violations of probation, parole, or supervised release. The Court also explained its analysis and the basis for its decision orally at the conclusion of the hearing, and those findings appear on the record.

### B. The Motion to Reopen

Defendant cites three pieces of information in support of his request to reopen the detention hearing. First, he alleges that his fiancée has moved out of their home, and that his aunt has moved in. Doc. 303 at 2. Second, Defendant states that his uncle has been diagnosed with terminal cancer and Defendant desires to spend time with him. Id. Third, Defendant's fiancée now has a roommate who is "in a position to help monitor Defendant's activities to help prevent Defendant from endangering the community." Id. at 2-3.

In its response, the Government acknowledges that the information Defendant cites appears to be new. Doc. 309 at 2. The Government argues, however, that while the information would arguably be material to the issue of whether Defendant poses a risk of flight, the information "has no bearing on

4

whether or not there is a condition or combination of conditions of release that will reasonably assure the safety of any other person and the community." Id.

### C. Analysis

The undersigned's prior decision regarding detention was made after close examination of the existing record and the evidence presented at the hearing.

The undersigned did not find there was a significant risk of nonappearance but noted that the more serious question was whether Defendant posed a danger to any other person or the community, in part based on evidence indicating that he had been involved in multiple trips to Georgia in connection with the trafficking of multi-ounce quantities of methamphetamine, Defendant's criminal history, which included prior drug-related offenses and felony probation violations, and the recommendation in the Pretrial Services' Report that Defendant be detained.

The new information regarding Defendant's uncle's medical situation may, understandably, be personally important to Defendant but it is not clear from the current record how this information would be particularly significant to the detention inquiry.

As for the information regarding Defendant's aunt and Defendant's fiancée's roommate, Defendant did not present a third-party custodian during

5

the detention hearing and it is not clear whether he now seeks to proffer either of these individuals to serve in that capacity.

Nonetheless, concerns about Defendant's living situation were a part of the Court's prior detention decision; for example, Defendant's fiancée was in the vehicle with Defendant during some of the events in question and was herself on bond from state charges. In addition, Defendant's argument that his life has changed since the birth of his daughter was acknowledged, and it was noted that he had not been charged with any drug-related offenses since then. However, the undersigned also noted that, when Defendant was arrested, drug paraphernalia was found in the house where Defendant, his fiancée, and their children were residing.

The new information does suggest Defendant's living situation has changed but, in light of the totality of the record including but not limited to Defendant's history of drug-related charges and convictions, this change is not of such import to require reconsideration of the detention order.

In sum, having reviewed the Motion and the record, including the detention order and the reasons and analysis discussed orally at the conclusion of the detention hearing, the undersigned concludes that the subject information, while new, does not have a material bearing on the Court's prior detention decision.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion to Reopen Detention Hearing (Doc. 303) is **DENIED**.

Signed: December 28, 2021

W. Carleton Metcalf
United States Magistrate Judge